IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01938-BNB

RONALD JENNINGS FOGLE,

    Plaintiff,

v.

MICHAEL MILLER, Warden, and
JOHN W. SUTHERS, Colorado Attorney General,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Fogle initiated this action by filing *pro se* a "Motion for Appointment of Counsel in State Clemency Proceeding" (ECF No. 1). In the motion, Plaintiff asks the Court to appoint counsel to represent him and he asserts that counsel would decide what legal action should be taken, including the possibility of seeking habeas corpus relief pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2254 or filing a state clemency petition. However, Mr. Fogle failed to cite any authority that would allow the Court to consider the motion to appoint counsel prior to his filing a proper pleading. Therefore, the instant action was commenced and, on July 22, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Fogle to cure certain deficiencies if he wished to pursue any claims in this action. Specifically, Magistrate Judge Boland directed Mr. Fogle to file an application for a writ of habeas corpus on the proper form and either to pay the $5.00 filing fee for a habeas corpus action or to file a motion

seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 along with a certificate from an appropriate prison official showing the balance in his inmate account. Mr. Fogle was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On August 7, 2013, Mr. Fogle filed an "Amended Motion for Appointment of Counsel in State Clemency Proceeding" (ECF No. 4) and paid the $5.00 filing fee for a habeas corpus action. Mr. Fogle clarifies in the amended motion that he is asking the Court to appoint counsel to represent him only in connection with a state clemency petition, citing *Harbison v. Bell*, 556 U.S. 180 (2009), in support of his request. However, nothing in *Harbison* is applicable to Mr. Fogle because, in *Harbison*, the United States Supreme Court addressed the scope of a federal statute, 18 U.S.C. § 3599, that authorizes federally appointed counsel in certain death penalty cases. *See id.* Mr. Fogle alleges that he was sentenced to a term of years in prison.

Mr. Fogle has failed to cure all of the deficiencies within the time allowed because he has not filed a proper pleading. Therefore, the action will be dismissed without prejudice for failure to cure all of the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Fogle failed to cure all of the deficiencies as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the "Motion for Appointment of Counsel in State Clemency Proceeding" (ECF No. 1) and the "Amended Motion for Appointment of Counsel in State Clemency Proceeding" (ECF No. 4) are denied as moot.

DATED at Denver, Colorado, this  28th  day of   August  , 2013.

BY THE COURT:


  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court